Case 2:21-cr-00459-SB   Document 1   Filed 09/29/21   Page 1 of 11   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
09/29/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: DM          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:21-cr-00459-SB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 922(*l*), 2(b): Unlawful Importation of a Firearm; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Accessing with Intent to View Child Pornography; 18 U.S.C. §§ 924(d)(1) and 2253, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHRISTOPHER KAHMANN, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(*l*), 2(b)]

On or about November 20, 2019, in Los Angeles County, within the Central District of California, defendant CHRISTOPHER KAHMANN, knowingly and without authorization from the Attorney General as provided in Title 18, United States Code, Section 925(d), willfully

1 caused to be imported and brought into the United States, a firearm,
2 as defined in Title 18, United States Code, Section 921(a)(3)(C),
3 namely, a black firearm silencer of unknown manufacture, bearing no
4 serial number, in a parcel labeled "fuel filter."

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNTS TWO AND THREE

[26 U.S.C. § 5861(d)]

On or about January 17, 2020, in Los Angeles County, within the Central District of California, defendant CHRISTOPHER KAHMANN knowingly possessed the following two firearms, each of which defendant KAHMANN knew to be a firearm and a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), and each of which had not been registered to defendant KAHMANN in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

COUNT TWO: Black firearm silencer of unknown manufacture, bearing no serial number.

COUNT THREE: Silver firearm silencer of unknown manufacture, bearing no serial number.

COUNTS FOUR AND FIVE

[26 U.S.C. § 5861(i)]

On or about January 17, 2020, in Los Angeles County, within the Central District of California, defendant CHRISTOPHER KAHMANN knowingly possessed the following two firearms, each of which defendant KAHMANN knew to be a firearm and a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), and each of which did not bear a serial number, as required by Chapter 53, Title 26, United States Code:

COUNT FOUR: Black firearm silencer of unknown manufacture, bearing no serial number.

COUNT FIVE: Silver firearm silencer of unknown manufacture, bearing no serial number.

COUNT SIX

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about March 22, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHRISTOPHER KAHMANN knowingly received onto an iPhone 6, bearing serial number FK1ND2A3G5QM, an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that, using a means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

The child pornography that defendant KAHMANN received consisted of an image titled "tumblr_p46w4vKEnc1uu1put_frame3.jpg".

COUNT SEVEN

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about March 22, 2019, in Los Angeles County and elsewhere, within the Central District of California, defendant CHRISTOPHER KAHMANN knowingly accessed with intent to view a website, namely, Tumblr, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), including, but not limited to, an image titled "19.jpg," that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

COUNT EIGHT

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about March 28, 2019, in Los Angeles County and elsewhere, within the Central District of California, defendant CHRISTOPHER KAHMANN knowingly accessed with intent to view a website, namely, Tumblr, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, including, but not limited to, an image titled "10.jpg," that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts Two through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

9

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 2253]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of any of the offenses set forth in Counts Six through Eight of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Chief, International
 Narcotics, Money Laundering &
 Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
 Narcotics, Money Laundering &
 Racketeering Section

SCOTT D. DUBOIS
Assistant United States Attorney
 International Narcotics,
 Money Laundering &
 Racketeering Section