TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARIA ELENA STITELER (Cal. Bar No. 296086)
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorneys
International Narcotics, Money Laundering,
& Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6148/3667
    Facsimile:  (213) 894-0141
    E-mail:     maria.stiteler@usdoj.gov
              ian.yanniello@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-459-SB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CHRISTOPHER KAHMANN |
| v. | |
| CHRISTOPHER KAHMANN, | |
| Defendant. | |

1.    This constitutes the plea agreement between defendant Christopher Kahmann ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

## RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects

to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 32 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination of whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 35 and 36 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding the sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

<u>DEFENDANT'S OBLIGATIONS</u>

3.     Defendant agrees to:

a.     At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts two and eight of the indictment in <u>United States v. Christopher Kahmann</u>, case number CR 21-459-SB, which charge defendant with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and accessing with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

b.     Withdraw the motion to suppress evidence filed on April 26, 2022, at Docket No. 28 in this case;

c.     Not contest facts agreed to in this agreement.

d.     Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 24 of this agreement.

e.     Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.      Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.      Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.      Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.      Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

j.      Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

k.      Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

l.      Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

m.      Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

n.      Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.      Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation and/or release from imprisonment.

ii.      Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the Presentence Report and/or any previous mental health evaluations or reports to the treatment provider.

iii.      As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.      Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  Defendant shall not possess or view any materials such as videos, magazines, photographs, computer

images, or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's court-mandated sex offender treatment, when defendant's treatment provider or the Probation Officer has approved of defendant's possession of the materials in advance.

v.    Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense.  This provision does not encompass defendant's own children or persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.    Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii.    Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.    Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.    Defendant shall not own, use, or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.      Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

xi.      Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

xii.      Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement agent or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.      Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers (ISPs) that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers.

xiv.      All computers, computer-related devices, and peripheral equipment used by defendant shall be subject to search and seizure.  This shall not apply

to items used by defendant at his place of employment that are maintained and monitored by the employer.

xv.     Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the Internet.

4.     Defendant further agrees:

a.     To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, including but not limited to the following:

i.     One black firearm silencer of unknown manufacture, bearing no serial number, in a parcel labeled "fuel filter";

ii.     One black firearm silencer of unknown manufacture, bearing no serial number;

iii.     One silver firearm silencer of unknown manufacture, bearing no serial number;

iv.     One iPhone 6, bearing serial number FK1ND2A3G5QM;

v.     One iPhone XS, bearing serial number F2LXH1WKKPHK; and

vi.     One silver HP laptop, bearing serial number 2CE21513QS (collectively, the "Forfeitable Assets").

b.     To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.     To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.      Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.      Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.      Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.      To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

h.      To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.      That forfeiture of the Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.      With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus, or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to

advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

THE USAO'S OBLIGATIONS

5. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 24 of this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

NATURE OF THE OFFENSES

6. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), the following must be true:

a. defendant knowingly possessed a firearm silencer;

b. defendant was aware that the firearm silencer possessed the specified statutory features or characteristics of the firearm that bring it within the statute; and

c. defendant had not registered the firearm silencer with the National Firearms Registration and Transfer Record.

7. Defendant understands that for defendant to be guilty of the crime charged in count eight, that is, accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the following must be true:

a. defendant knowingly accessed with intent to view matters that defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

b.      defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

c.      defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

d.      that each visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by computer or other means, or produced using material that had been mailed, shipped, or transported in interstate or foreign commerce, by computer or other means.

8.      Defendant understands that for defendant to be subject to the statutory maximum set forth below, the government must prove beyond a reasonable doubt that at least one visual depiction accessed by defendant involved a prepubescent minor, or a minor who had not attained 12 years of age, engaged in sexually explicit conduct. Defendant admits that defendant, in fact, accessed images that depicted prepubescent minors, or minors who had not attained 12 years of age, engaged in sexually explicit conduct.

<u>PENALTIES AND RESTITUTION</u>

9.      Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 26 U.S.C. § 5861(d), as charged in count two of the indictment, is: 10 years' imprisonment; a three-year period of supervised release; a fine of no more than $10,000; and a mandatory special assessment of $100.

10.      Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as charged in count eight of the indictment, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.      Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as charged

in count eight of the indictment, is: a five-year period of supervised release and a mandatory special assessment of $100.

12.     Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $260,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

13.     Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court determines that defendant is a non-indigent person.

14.     Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional special assessment of up to $17,000.

15.     Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

16.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and

requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

17.    Defendant understands that by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

18.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

19.     Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## FACTUAL BASIS

20.     Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 24 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

### Illegal Importation and Possession of Firearm Silencers

On or about November 4, 2019, defendant used an online marketplace called "Wish.com" to search for and illegally purchase a firearm silencer from a manufacturer in China.  At the time, defendant knew that the item he purchased, which had a marked end cap for drilling, could be converted into a firearm silencer.  Defendant also knew that the item was manufactured in China and that he could not lawfully import it into the United States.  Defendant further knew the firearm silencer lacked a serial number and was not registered on the National Firearms Registration and Transfer Record.

Customs and Border Protection ("CBP") working at the Los Angeles International Airport international mail facility subsequently intercepted the parcel containing the illegal firearm silencer that defendant had ordered on Wish.com.  The parcel containing the firearm silencer was addressed to defendant at his home in Santa Clarita, and the shipping manifest falsely listed the firearm silencer as a "fuel filter."  At no time did

defendant ask for or receive authorization from the Attorney General to import a firearm silencer into the United States.

On January 17, 2020, federal agents executed a search warrant at defendant's home in Santa Clarita, California, within the Central District of California. At the time, defendant knowingly possessed one silver firearm silencer and one black firearm silencer without serial numbers inside of his bedroom gun safe. Defendant knew that both the silver and the black firearm silencers were, in fact, firearm silencers and that neither was registered on the National Firearms Registration and Transfer Record, as required by federal law. Pursuant to the search warrant, agents also seized various digital devices, including a black iPhone XS which was defendant's primary phone that he exclusively controlled (the "Black iPhone").

<u>Possession and Access of Child Pornography</u>

In December 2015, defendant created the user account "cj473618" for the social media and blogging platform, Tumblr. Beginning at least in or around March 2018, and continuing through January 17, 2020, defendant used cellular phones, including the Black iPhone, to knowingly access Tumblr with the intent to view images and video files that defendant knew contained visual depictions of minors engaging in sexually explicit conduct, including the following material:

- On or about March 22, 2018, defendant used the Tumblr application to access child pornography and a third-party storage application to receive child pornography, namely, an image file depicting a minor female child engaging in sexually explicit conduct.

- On or about March 22, 2019, defendant used the Tumblr application to access child pornography, namely a video file depicting a minor female child engaging in sexually explicit conduct.

- On or about March 28, 2019, defendant used the Tumblr application to access child pornography, namely, a video file depicting two minor female children who had not attained the age of 12 engaged in sexually explicit conduct. When

14

defendant accessed the video file using his Black iPhone, the iPhone automatically saved images of the file, including an image titled "10.jpg."

On or about January 17, 2020, defendant's Black iPhone contained a hidden storage application that operated as a calculator but secretly concealed child pornography and child erotica. The passcode used to access the hidden files was "473618," which corresponds to the numbers used in defendant's Tumblr username ("cj473618"). Using the hidden storage application, defendant knowingly possessed at least 20 images of child pornography. The children depicted in these images are real children. After having obtained the black iPhone on or around February 2, 2019, and prior to January 17, 2020, defendant also knowingly possessed an image of child pornography from the BluePillow1 series of victim "Henley" and an image of child pornography from the "StarPants" series.

Defendant knew the production of the child pornography he used Tumblr to access and/or possessed involved the use of minors engaged in sexually explicit conduct, and he knew such material did, in fact, depict minors engaged in sexually explicit conduct. Defendant admits the child pornography he possessed and accessed using Tumblr had been transmitted in interstate or foreign commerce by computer or other means.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

21. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

22. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Count Two:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2K2.1(a)(5) |

| | | |
|---|---|---|
| 3-7 Firearms: | +2 | U.S.S.G. § 2K2.1(b)(1)(A) |
| <u>Count Eight:</u> | | |
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Prepubescent Victim: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Use of a Computer: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| Between 10 and 150 Images: | +2 | U.S.S.G. § 2G2.2(b)(7)(A) |
| <u>Combined Offense Level:</u> | | |
| 1 to 4 Levels Less Serious: | +2 | U.S.S.G. § 3D1.4(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) |
| <u>Total Offense Level:</u> | 23 | |
| <u>Criminal History Category:</u> | I | |

| | |
|---|---|
| <u>Guideline Range:</u> | 46-57 months' imprisonment |

23.     The parties agree to not argue that any other specific offense characteristics, adjustments, or departures be imposed.

24.     Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. §§ 3553(a)(1)-(7) and the relevant Sentencing Guidelines factors set forth above, an appropriate disposition of this case is that the Court impose the following sentence: 46 to 57 months of imprisonment; 5 to 10 years of supervised release with conditions to be fixed by the Court, which shall include the conditions set forth in paragraph 3(n) above; a $200 special assessment and $5,000 special assessment, as described in paragraph 12 and 13 above; and restitution as set by the Court.

25.     The parties agree that restitution is to be paid pursuant to a schedule fixed by the Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under United States Sentencing Guidelines § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

26.     Defendant understands that by pleading guilty, defendant gives up the following rights:

16

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

27.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

28.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but

is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

29.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 24 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

30.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 24 above, the USAO gives up its right to appeal any portion of that sentence,  and the procedures and calculations used to determine and impose any portion of that sentence.

### WAIVER OF APPEAL AND COLLATERAL ATTACK

31.   Defendant gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

32.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of

limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

33.    Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

34.    This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

35.    Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have

occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

36.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

37.     Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing

factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

38.     Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 22 and 24 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

39.     Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

40.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____          5/10/2022
MARIA ELENA STITELER                      _____
IAN V. YANNIELLO                          Date
Assistant United States Attorneys
                                          5-10-22
_____          _____
CHRISTOPHER KAHMANN                       Date
Defendant
                                          5-10 - 22
_____          _____
VICKI I. PODBERESKY                       Date
Attorney for Defendant CHRISTOPHER
KAHMANN

22

1

## CERTIFICATION OF DEFENDANT

2       I have read this agreement in its entirety. I have had enough time to review and

3  consider this agreement, and I have carefully and thoroughly discussed every part of it

4  with my attorney. I understand the terms of this agreement, and I voluntarily agree to

5  those terms. I have discussed the evidence with my attorney, and my attorney has

6  advised me of my rights, of possible pretrial motions that might be filed, of possible

7  defenses that might be asserted either prior to or at trial, of the sentencing factors set

8  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the

9  consequences of entering into this agreement. No promises, inducements, or

10  representations of any kind have been made to me other than those contained in this

11  agreement. No one has threatened or forced me in any way to enter into this agreement.

12  I am satisfied with the representation of my attorney in this matter, and I am pleading

13  guilty because I am guilty of the charges and wish to take advantage of the promises set

14  forth in this agreement, and not for any other reason.

15

16  _____      _____
    CHRISTOPHER KAHMANN                     Date
17      Defendant

5/10-22

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am CHRISTOPHER KAHMANN's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I have fully advised my

4  client of his rights, of possible pretrial motions that might be filed, of possible defenses

5  that might be asserted either prior to or at trial, of the sentencing factors set forth in 18

6  U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

7  of entering into this agreement.  To my knowledge: no promises, inducements, or

8  representations of any kind have been made to my client other than those contained in

9  this agreement; no one has threatened or forced my client in any way to enter into this

10  agreement; my client's decision to enter into this agreement is an informed and voluntary

11  one; and the factual basis set forth in this agreement is sufficient to support my client's

12  entry of guilty pleas pursuant to this agreement.

13

14  VICKI I. PODBERESKY                            Date
    Attorney for Defendant CHRISTOPHER
15  KAHMANN

16

17

18

19

20

21

22

23

24

25

26

27

28

24